ST. JOHN'S GERMAN EVANGELICAL LUTHERAN
CHURCH ET AL. *vs.* HENRY DIPPOLDSMANN
AND WILLIAM F. PIRSCHER, EXECUTORS.

HENRY DIPPOLDSMANN AND
WILLIAM F. PIRSCHER, EXEC-
UTORS, *vs.* REBECCA
METZGER ET AL.

*Testator's estate: legacies; liability of realty not specifically
devised. Acts of 1894, ch. 438. Executors: powers
for sale of real estate; conversion.*

Where a power of sale can be implied from the nature and
extent of the duties imposed upon an executor it is generally
construed as an express direction to sell, and a conversion
takes place.                                          p. 245

A will by which numerous legacies are made, in which executors
are named, but which makes no mention of real estate and
contains no residuary clause, does not imply any power of
sale in the executor.                                 p. 245

In such a case there is no "contrary intention," within the
meaning of the Act of 1894, ch. 438, which provides that the
real estate of any testator, not specifically devised, shall be
charged with the pecuniary legacies whenever the personal
estate, after the payment of debts, shall prove insufficient,
unless the contrary intention shall appear.           p. 245

Under this act when a testator specifically devises all his real
estate none of it is to be chargeable with legacies; when he
devises a part specifically, and another part generally, as by
a residuary clause, or does not devise it all, the part specifi-
cally devised is not chargeable with the payment of legacies
and those parts devised generally as part of the residue, or
not devised at all, are so chargeable.                p. 246

The proper person or persons to enforce liability for the pay-
ment of legacies against the realty not specifically devised
is not the executor, but the legatee or the legatees.  p. 248

A sale made by the executor for such a purpose is invalid and
an exception to its ratification will be sustained.    p. 248

*Decided May 10th, 1912.*

Two appeals in one record from the Circuit Court of Baltimore City (BOND, J.).

The facts are stated in the opinion of the Court.

The two causes were argued together before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, URNER and STOCKBRIDGE. JJ.

*Frank Driscoll,* for Henry Dippoldsmann.

*J. LeRoy Rebbel, Thomas B. Marshall, Emil Budnitz* and *W. Harry Holmes* submitted briefs for St. John's German Lutheran Church et al. and Rebecca Metzger.

PEARCE, J., delivered the opinion of the Court.

Frederick W. Hopp, of Baltimore City, died October 17th, 1910, leaving a will executed on that day and duly admitted to probate, by which he bequeathed to seventeen named individuals and corporations, legacies aggregating $5,575, but there was no devise or bequest of any residue there might be after payment of the expenses of administration, debts due and the legacies given. The will gave these legacies in the briefest terms, and appointed two executors, there being nothing in the context to aid in solving the questions raised by the two appeals embraced in the record.

It appears from the evidence that the only estate which the testator possessed at the time of his death, consisted of cash to the amount of $2,064.02, and eight ground rents yielding $304 per annum, representing a capital of $5,060.

The executors passed an account February 27th, 1911, showing the payment of expenses of administration and all debts, amounting to $625.10, and distributing the balance in their hands, $1,438.90, *pro rata* among the several legatees.

The executors, on January 9th, 1911, filed a bill in equity against all said legatees alleging that the personal estate of their testator consisted of cash $2,047.43; that the debts due from his estate amounted to $406.49, and that there were pecuniary legacies given by the will of $5,575; that none of

the testator's real estate was specifically devised, and that any deficiency of the personal estate ought to be supplied by a sale of so much of the real estate as was necessary for that purpose.  On August 30th, 1911, they filed an amended bill, alleging that certain of the legatees named were known heirs of the testator, resident in Prussia, and that they were advised there might be other unknown heirs, and praying for an order of publication against the known and unknown heirs.  Under this bill, a decree was passed November 8th, 1911, appointing said executors trustees to sell so much of said real estate as necessary for the payment of said pecuniary legacies, and said trustees accordingly sold said eight ground rents for the aggregate amount of $4,915—four being sold to Cloyd Lewis—two to Rebecca Metzger—and two to Patrick Kearney and Rebecca Kearney, his wife.

Each of these purchasers excepted to the ratification of the sales made to them respectively, those of Kearney and wife and Lewis being on the short ground that the Court was without jurisdiction to decree a sale under the bill in that case, and those of Metzger though stated in detail, being upon the same ground.  The Circuit Court of Baltimore City sustained these exceptions and set aside the sales, and from that order both the executors and certain of the legatees have appealed.

Three principal questions are raised by these appeals.

*First.* Does this will operate to convert the realty into personalty?

*Second.* If not, is the real estate in this case chargeable with the payment of these legacies?

*Third.* If so, are the executors the proper persons to enforce such charge under a bill of equity?

As to the first question:

The executors rely upon the case of *Stake* v. *Mobley,* 102 Md. 408, where the will under consideration was executed prior to the Act of 1894, Ch. 438, to establish their theory of an equitable conversion of the realty into personalty; but we do not think that case goes to the extent claimed.  What

was actually decided there was, that *if a power of* sale be
given as was given there, and the provisions of the will can-
not be carried out unless there be a sale, then the power to
sell is equivalent to an express direction to sell and the con-
version takes place. In that case there was an express *power*
to the executors to sell, but no *direction* to sell. But the
Court found from the contents of the will that this power
was given to the executors to enable them, in their capacity
as executors, to divide his estate as directed in the will and
that the only way therefore to carry out his intention was to
sell the whole estate, pay costs, debts and legacy, and then
divide the balance between the children. We do not think
this case comes within that class of cases where a power of
sale can be implied from the nature and extent of duties
imposed upon the executor, as stated in *Lewin on Trusts,* 8th
ed., Vol. 1, 212 and 213, and as illustrated in *Going* v.
*Emery,* 16 Pick. 112, and *Lindley* v. *O'Reilly,* 50 N. J. L.
636.

As to the second question, we do not think there can be
any serious doubt, since the Act of 1894, Ch. 438, the lan-
guage of which is as follows:

"In all wills hereafter executed the real estate of every
testator not specifically devised shall be chargeable with the
payment of pecuniary legacies whenever the personal estate,
after the payment of debts shall prove to be insufficient, un-
less the contrary intention shall clearly appear."

In the will now before us, not only does no such contrary
intention appear, but the sole testamentary purpose mani-
fested is to provide the legacies given.

The exceptants contend however that this Act applies only
to real estate *devised* by the will, but not *specifically devised.*
They say "Real estate not specifically devised," obviously
means "real estate devised, but not specifically," or in other
words "real estate generally devised, as by a residuary
clause." On the contrary what seems to us to be the obvious
meaning of the language used, is that "all the real estate of

every testator, except that which is specifically devised, shall be chargeable," etc. In other words that when a testator specifically devises all his real estate, none of it shall be chargeable with legacies; and that when he devises a part specifically, and another part generally, as by a residuary clause, or does not devise it at all, the part specifically devised is not subject to payment of legacies, while those devised generally as part of the residue, or not devised at all, are chargeable therewith.

If there are legacies, there must be a will and a testator, and real estate not devised by a testator who has given legacies, is none the less the real estate of that testator. To hold as contended by the exceptants, that this act does not apply to cases of partial intestacy, would be to force an unnatural construction upon its language, in order to defeat the beneficient general purpose of saving, except as against specific devisees, legacies which would otherwise be lost.

Since the passage of the Act of 1894, Ch. 438, the implying a power to sell founded upon the supposed necessity for a sale by executors in order to effectuate the legacies, cannot be urged with the same force as before the passage of that Act. Recurring for a moment to the first question we have considered, the language of the Court of Appeal of New York, in *Will of Fox,* 52 N. Y. 530, is applicable here. In that case JUDGE ANDREWS said: "The statute in this State has provided an ample remedy for creditors for the collection of their debts out of the real property of a decedent, and the implication of a power of sale in executors from a simple charge of the debts upon the lands is unnecessary and ought not to be indulged. But the mere power of sale, if it existed in the executors, would not work a constructive change of the property. To do this, the duty to sell must be imperative, and when there is no out and out conversion, and lands are charged only with the payment of debts, they retain their character of realty until actually converted. *Story's Eq.,* secs. 790, 1224."

As to the third question, we regret on account of the costs involved, that we must hold the executors are not the proper parties to enforce the lien of these legacies, but when a question of jurisdiction is involved, we must "hew to the line, let the chips fall where they may." The executors contend that as sections 203 and 213 of Article 16, respectively, designate the parties by whom suits for sales to pay the debts of a decedent, or for sales that appear to be advantageous to the parties concerned, shall be brought, the Legislature would have designated the legatees, or some one of them, as the proper party or parties to bring the suit under Chapter 438 of 1894, and that not having designated anyone, a power of sale to the executors should be read into the will. But with better reason we think it may be said that that Act contemplates that the right should be enforced by the possessor of the right, as provided in the cases mentioned, rather than by one in nowise interested in the legacy.

The question has been distinctly raised and decided in two cases in the Supreme Court of Pennsylvania.

In *Conard's Appeal,* 33 Pa. St. 47, the case was this. John Kline by his will made several specific devises and bequests and gave his wife an annuity of $500 and devised the residue in equal shares to his daughter and the children of a deceased son. Part of the residue consisted of a number of ground rents. The executors collected rents accruing after his death, and the principal of one rent, on all of which they claimed commissions, and another party applied by petition to the Orphans' Court to pay the principal of his rent. The executors and the residuary legatees appeared to this petition, and the latter denied the executors right to receive the redemption money. The Auditor reported the executors were entitled to receive the whole residuary estate and to commissions thereon, and exceptions to this report were overruled. On appeal the order of the Orphans' Court was reversed, the Court saying: "By the common law, executors had nothing to do with legacies expressly charged on land,

or that by deficiency of personal estate became charged on the residuary real estate, and this is not changed by the system created by our Acts of Assembly. It was only in equity that such legacies were enforced in England, and with us they are enforced only in the Orphans' Court on petition by the legatee against the owners of the land charged with notice to the executors and such others as may have any interest."

In *Field's Appeal*, 36 Pa. St. 11, where the same question was brought up for review, the Court said: "There is error in bringing suit (for legacy charged on land) in the name of the administrator c. t. a. It is the duty of executors and their substitutes to discharge legacies so far as funds come to their hands. For deficiencies, the legatees must proceed themselves against the devisees or their assigns whose lands are charged with their payment. We know of no law authorizing the executor to attend to this duty."

In *O'Brien* v. *Dougherty,* 1 Appeal Cases (D. C.) 148, where a bill was filed to enforce payment of a legacy charged on land, JUDGE ALVEY held the legatee was the proper party plaintiff, and it was so held also in *Daly* v. *Wilkie,* 111 Ill. 382.

We have been referred to no authority opposed to these decisions, which are in accord with our own views. The conclusion reached makes it unnecessary to consider the alleged irregularities in obtaining the decree in this case.

> *Order affirmed, the costs above and below,*
> *to be paid out of the estate.*