**SAFE DEPOSIT & TRUST CO. OF BALTIMORE v. TAIT, Internal Revenue Collector.**

No. 4651.

District Court, D. Maryland.

Dec. 12, 1931.

Alexander Armstrong, and Arthur Machen, Jr., both of Baltimore, Md., for plaintiff.

Simon E. Sobeloff, U. S. Atty., and Chas. G. Page, Asst. U. S. Atty., both of Baltimore, Md., for defendant.

CHESNUT, District Judge.

The plaintiff sues to recover federal estate tax paid under section 402 (a) of the Revenue Act of 1921 (42 Stat. 277) on 67.66 acres of land lying on the Patapsco river in the state of Maryland, valued at $100,000, belonging at the time of his death to Thomas H. Bowles, who died July 24, 1923. An appropriate petition for refund of the tax so paid has been filed and overruled. The relevant portion of the Revenue Act of 1921 is as follows:

"Sec. 401. That, in lieu of the tax imposed by Title IV of the Revenue Act of 1918, a tax equal to the sum of the following percentages of the value of the net estate (determined as provided in section 403) is hereby imposed upon the transfer of the net estate of every decedent dying after the passage of this Act, whether a resident or nonresident of the United States."

"Sec. 402 * * * (a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate;"

The second count of the plaintiff's declaration alleges, in substance, that this land was not properly included in the estate for the purpose of the estate tax because it was not subject to the payment of the "expenses of administration" of the estate. The defendant's third plea to this count of the declaration admits the facts alleged, but denies the conclusion of law that the land was not subject to the expenses of administration. The defendant also alleges in the plea that he has no knowledge as to the due appointment and continuing authority of the plaintiff as executor of Thomas H. Bowles. In this respect, the plea is rather in the form of an answer in equity than a plea at law in accordance with the Maryland system of pleading, and it is at least doubtful whether the denial on information and belief is sufficient to constitute a traverse of the plaintiff's definite allegation of fact in the declaration. The plea as a whole is also probably objectionable on demurrer on the technical ground that it amounts only to a general issue.

An analysis of the second count of the declaration and the third plea thereto shows that the only material issue in dispute is the question of law as to whether the land as a part of the estate of the decedent is subject to the payment of the expenses of administration of the estate. It seems immaterial whether the demurrer be treated as limited to the third count or whether, under the well-known system of pleading in Maryland affecting demurrers, it "mounts to the declaration." But in order to avoid any question of technical pleading, it was stipulated in open court that the defendant, by an appropriate amendment, would withdraw the third plea, and the demurrer be considered as filed to the second count of the declaration.

The sole question for determination at the present time is the question of law whether this Maryland land, under Maryland law, is subject to the payment of the expenses of administration of the estate of Thomas H. Bowles. That this is the only question involved follows necessarily from the very recent decision of the Supreme Court in the case of Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 51, 75 L. Ed. 156, where the court held that land in Missouri, not subject to the

"expenses of administration," was not taxable under the federal estate tax of 1918 (40 Stat. 1097) which was identical in language with the relevant portion of the Revenue Act of 1921, above quoted. The opinion of the court was based on the construction of the word "and" as contained in section 402 (a), it being held that it was used in the conjunctive and not in the disjunctive sense; that is to say, the property to be taxable must have been both subject to the payment of charges against the estate and to the expenses of its administration; and on this point the court followed its former ruling in the case of United States v. Field, 255 U. S. 257, 41 S. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461, where a similar construction was given to the earlier Revenue Act of 1916 containing the same wording.

The question obviously is one of local law, and depends necessarily upon the determination whether the Maryland law subjects real estate of a decedent to the payment of the expenses of administration. It was said in Crooks v. Harrelson, at page 61 of 282 U. S., 51 S. Ct. 49, 51: "It is conceded by the petitioner, as it must be, that at common law real estate cannot be sold to pay expenses of administration, and that this rule of the common law is in effect in Missouri unless modified by statute. It is further conceded that there is no statute which permits real estate to be sold merely to pay such expenses."

This is certainly equally true of Maryland as of Missouri. Maryland, as is well known, is a so-called "common law state." The Constitution of the state (article 5 of the Declaration of Rights of the Constitution of 1867) declares that: "The Inhabitants of Maryland are entitled to the Common Law of England," etc.

It is familiar law that real estate at common law, in consequence of the feudal system, did not pass upon the death of the holder to his personal representative, but in the earliest times reverted to the overlord, and only later, in consequence chiefly of legislation, became subject to the payment of debts of the decedent. Only personal property passed for administration to the personal representative of the decedent. An excellent condensed statement of the history of real estate in this respect, stating its status at common law and the effect of subsequent legislation by acts of Parliament and by the Legislature of Maryland, is contained in the opinion of Chief Judge McSherry in Van Bibber v. Reese, 71 Md. 608, 611, 612, 18 A. 892, 6 L. R. A. 332. The present Maryland

statutory law affecting the administration and distribution of the personal property of a decedent is contained in the Maryland Code, article 93, subject "Testamentary Law"; while the devolution of title to real estate (not disposed of by will) is to be found in article 46 of the Maryland Code, title "Inheritance"; and in general it is true that personal property passes to the personal representative, while real estate passes directly without administration by personal representative to the heir or devisee. We are not dealing in this case with any special conditions arising from express or implied powers of sale given by the will to an executor; nor to cases where land not specifically devised may be sold to satisfy legacies.

This broad distinction between the treatment of the real and personal property of a decedent is still probably in the main in force in most of the states of the Union. It is equally true that in most, and probably all, of the states at the present time land is subject to the payment of the debts of a deceased owner, where the personal property is insufficient. The procedure by which this result is accomplished doubtless varies in the several states. In Maryland, the original enactment accomplishing this result was the Act of 1785, chapter 72, section 5, which, with amendments thereto, is now codified in article 16, section 233, of the Code. This section provides that real estate of a decedent who dies "not leaving personal estate sufficient to pay his debts and costs of administration" may, at the suit of creditors, be sold, "to pay his debts"; and funeral expenses in limited amount "shall be considered the debt of said decedent." It is to be noted that this section is in the "Chancery" article of the Code, and this general power to sell lands to pay debts is given to the court of equity and not to the probate court (in Maryland called the orphans' court), where the personal estate of the decedent is administered; the powers of which courts and the procedure therein are provided for by article 93 of the Code.

It is not contended by counsel for the government that any Maryland statute *expressly* subjects land of a decedent to the payment of administration expenses. It is, however, argued that section 233 of article 16 should be construed by implication, in connection with certain other Maryland statutes, to accomplish this result. I do not think this is a permissible construction. It is true that the condition on which the land may be sold is the insufficiency of the personal estate to pay debts *and costs of administration,* but it also

is most importantly to be noted that the purpose of the sale is only to pay debts. And it was held by the Maryland Court of Appeals in McGaw v. Gortner, 96 Md. 492, 54 A. 133, 134, that the debts referred to were limited to those "due by the decedent in his lifetime." And to the same effect is the earlier case of Carey v. Dennis, 13 Md. 13. See, also, McLaughlin v. McGee, 131 Md. 161, 101 A. 682, and St. John's Church v. Dippoldsmann, 118 Md. 247, 84 A. 373. It is true that under this statute lands may become *indirectly* liable to the extent that the costs of administration exhaust the personal assets which are the primary fund for the payment of debts; but this consideration under the Missouri law was deemed inconsequential by the Supreme Court in the Harrelson Case, where it was said: "The further contention that, if the personal estate has been consumed by administration expenses and real estate is sold to pay debts and legacies, as a practical matter, real estate has been sold because of administration expenses, we put aside as inconsequential. In the case supposed it is perfectly evident that the real estate has been sold not to pay administration expenses, but to pay debts and legacies, and that fact is in no wise altered because the sale was necessitated by the consumption of the personalty for such expenses. The cause of the sale must not be confused with its purpose."

Indeed I think the Maryland statute itself, by clear implication as well as by judicial decision, shows that costs of administration cannot be included as a debt of the decedent for which the land may be sold, because an exception is made by the statute with regard to funeral expenses which would otherwise be an expense of administration and not a debt of the decedent incurred in his lifetime. The necessity of expressly including funeral expenses as a debt to be discharged from the proceeds of sale impliedly excludes other costs of administration not constituting debts of the decedent existing in his lifetime. And I find no substantial difference between this Maryland statute, as construed and applied by the Maryland Court of Appeals, and the Missouri statute, as construed and applied by the Missouri courts, and reviewed by the Circuit Court of Appeals for the Eighth Circuit in the Harrelson Case, 35 F.(2d) 416, 418, 419.

It is also to be noted that the practice in Maryland, under this section, is that the court of equity appoints a trustee to sell the land. The administrator or executor is not necessarily, and in practice not usually, appointed

to make the sale. The net proceeds of the sale are distributed under the orders of the court and not in the probate court. Counsel for the government have not been able to call to my attention any Maryland cases where either in the probate court or in a court of equity the proceeds of the sale of land of a decedent have been applied to the payment of the general administration expenses of the estate. It has been expressly held in a number of states, where the law of real and personal property is similar to Maryland and Missouri, that real estate cannot be sold for expenses of administration. See American Law of Administration by Woerner (3d Ed.) § 469, pages 1627, 1628; Carr v. Hull, 65 Ohio St. 394, 62 N. E. 439, 58 L. R. A. 641, 87 Am. St. Rep. 623; 24 C. J. (Title "Executors and Administrators"), §§ 1443, 1444, pages 549, 550, and § 1730, page 704.

In this case, the government seeks to support its construction of section 233 of article 16, of the Maryland Code, to the effect that it impliedly subjects real estate to the expenses of administration, by reference to certain other Maryland statutes. Thus counsel refers to article 93, § 114, which authorizes the probate court (orphans' court) to appoint an administrator where only real estate is left by the decedent, with authority to direct notices to be given to all creditors, and further provides that purchasers of such real estate shall not be required to accept title unless the notice has been given, and until the period for the filing of claims has expired; and that no claim not filed within the period specified shall thereafter be asserted against such real estate in the hands of a purchaser for value. This statute was probably passed for the purpose of putting into express statutory form the substantial effect of the decision of the Court of Appeals in Van Bibber v. Reese, 71 Md. 608, 612, 18 A. 892, 6 L. R. A. 332. It is obviously a proceeding to clear the title to lands of a decedent. The statute does not provide how the expenses of the proceeding are to be paid. As a practical matter, they are necessarily a charge on the transaction itself to be defrayed by the parties in interest. Certainly the statute does not undertake to expressly impose the costs of the proceeding on the land. Still less does it amount to a legislative declaration that the land is subject to the general expenses of administration. At the most, it merely subjects the land to the costs of a special proceeding. A similar contention was rejected as unimportant in the Harrelson Case, 282 U. S. 55, at page 62, 51 S. Ct. 49, 51, 75 L. Ed. 156, where it was said: "As to this it is sufficient

to say, as the court below said, that this commission is not an expense of administration, but an expense incidental to the sale of the land."

Reference is also made to article 81 (title, "Revenue and Taxes") of the Maryland Code, sections 124 to 148, inclusive, imposing, and providing for the collection of, the collateral inheritance tax on property both real and personal. To insure the collection of the tax, it is made the duty of the executor or administrator to file in the probate court an inventory of the real estate of the decedent separate from that of the personal estate, and the value thereof is to be appraised and constitute a lien on the real estate for four years from the date of the death of the decedent; and by section 136, the executor or administrator is required to collect the amount of the tax from the parties liable, and to pay the same to the register of wills, and, on failure of the parties liable to make payment, the probate court shall order the executor or administrator to sell the real estate, or so much thereof as may be necessary, to pay the taxes and expenses of sale, including the commissions of the executor or administrator thereon. These statutes are obviously for the express and limited purpose of tax collection only. They do not, in my opinion, either expressly or impliedly subject the land generally to the expenses of administration of the estate.

And finally, attention is called to article 93, § 299, providing that, where an executor may be authorized and directed to sell real estate of a testator, the executor shall account to the orphans' court which may allow commissions on the proceeds of sale. But I deem this statute not in point in this case, as the pleadings do not show that there was any power of sale either express or implied given in the will of Mr. Bowles. And in any event, as was said in the Harrelson Case, the commissions allowed are not an expense of administration, but an expense incidental to the sale of the particular land.

I have considered the opinion of the District Court of the United States for the Western District of Nebraska, Omaha Division, in the case of First Trust Company of Omaha v. Allen, Collector of Internal Revenue, filed July 14, 1931, reported in 51 F.(2d) 1071. The opinion of the court necessarily follows and applies the decision of the Harrelson Case to the Missouri land, but declines to apply it to Nebraska and Iowa lands, on the ground that the statutes of those states do subject the lands of the decedent to ex-

penses of administration. These statutes are not set out or discussed in the opinion.

In conclusion, I am quite clearly of the opinion that the law of Maryland does not subject lands of decedents to the payment of the expenses of administration of their estates; therefore the question raised on the pleadings in this case is necessarily controlled by Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 75 L. Ed. 156.

It is, accordingly ordered in this case, that (defendant's third plea to the second count of the plaintiff's declaration having been withdrawn, and the demurrer filed to that plea being treated by counsel as a demurrer to the second count of the plaintiff's declaration) the demurrer is hereby overruled.