## COMMISSIONER OF INTERNAL REVENUE v. DUKE et al.
### No. 4915.

Circuit Court of Appeals, Third Circuit.
Jan. 10, 1933.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Francis H. Horan, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Frank T.

Horner and Ralph F. Staubly, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., of counsel), for petitioner.

Forrest Hyde, of New York City, and H. H. Shelton, of Washington, D. C. (John W. Davis and Marion N. Fisher, both of New York City, of counsel), for respondents.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this tax case the Commissioner appeals from a decision of the Board of Tax Appeals. The decisive question is whether two trust agreements created by James B. Duke, the decedent, seven years before his death, were intended to take effect in possession or enjoyment at or after his death. The facts are discussed in the opinion of the Tax Board reported at 23 B. T. A. 1104, and we avoid needless repetition by reference thereto. The trust instruments were executed, delivered, and went into effect in 1917. They were irrevocable.

The situation here is akin to the principles laid down by the Tax Board in Wheeler v. Com'r of Internal Revenue, 20 B. T. A. 695: "The trustor retained no control, possession or enjoyment in or for himself individually. He administered the estate as a trustee and all of his acts subsequent to the creation of the trust were and could be only those of a trustee." Moreover, all of the discretions vested in either or both of the trustees were to be exercised for the benefit, not of themselves or for the creation of the trusts, but wholly for the benefit of the beneficiaries under the trust. While the amount here involved is large, the decisive principle is simple. The facts and authorities have been so fully discussed by the Tax Board that we confine ourselves to affirming their decree.