## COMMISSIONER OF INTERNAL REVENUE v. NORTHERN TRUST CO.

### No. 4094.

Circuit Court of Appeals, Seventh Circuit.

June 5, 1930.

P. Savoy, of Washington, D. C., for petitioner.

Frederic Ullmann, of Chicago, Ill., for respondent.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Petitioner challenges the correctness of the determination of the estate tax levied under the Revenue Act of 1921 (42 Stat. 227) on the estate of Ellen L. Van Schaick, deceased.

Mrs. Van Schaick died testate on April 17, 1923. On February 9, 1917, she executed an irrevocable·deed of trust conveying to the Northern Trust Company of Chicago property worth, at the date of her death, $91,615.38. In making its return to the government for the purposes of determining the inheritance tax to be paid upon the estate, respondent did not include the property thus conveyed by the trust deed. The propriety of excluding this property is the sole question here involved.

The facts are not in dispute. The trust deed provided that the trustee should pay the entire net income to the settlor for life; that, after her death, trustee was to pay the entire net income equally to her four children for life; that, upon the death of a child leaving lawful issue, such share should be paid to his or her lawful issue per stirpes until the period of distribution. In case any of settlor's children died without issue or in case all such child's issue died before the date of distribution, such share should be paid to the survivor or survivor's children and to their issue. The distribution date was fixed.

Material portions of section 402, Revenue Act of 1921 (42 Stat. 278) read:

"Sec. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated * * *

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this Act), except in case of a bona fide sale for a fair consideration in money or money's worth."

Did Mrs. Van Schaick, when she executed the trust deed, intend that the transfer should take effect in possession or enjoyment at or after her death? Petitioner contends that this question should be answered in the affirmative, relying on numerous decisions applying similar statutes to situations like the one here presented. Reish, Adm'r, v. Commonwealth, 106 Pa. 521; In re Johnson's Estate (Surr.) 19 N. Y. S. 963, 965; People v. Carpenter, 264 Ill. 400, 106 N. E. 302. Since the briefs were written, in this case, the Supreme Court decided the case of May v. Heiner, 50 S. Ct. 286, 74 L. Ed. 826. We are unable to distinguish the material facts in that case from those in the instant case. It is true that the settlor in the May Case provided in her trust deed for the life use by her husband and, upon his death, she surviving, for the life use of herself. This difference in the facts, however, seems to us immaterial. The conclusion, under this decision, seems inescapable that property conveyed by an irrevocable deed of trust, to third parties, with no reversionary interest, contingent or otherwise, in the settlor, though the income during the settlor's life be payable to settlor, does not pass at the settlor's death, but at the date of the execution and delivery

 

of the deed of trust. Property thus conveyed is therefore not subject to the tax provided for in the section above quoted.

The order is affirmed.