SAFE DEPOSIT & TRUST CO. OF BALTI-MORE v. TAIT, Collector of Internal Revenue.

No. 5060.

District Court, D. Maryland.
May 2, 1934.

Armstrong, Machen & Allen, Arthur W. Machen, Jr., and H. Vernon Eney, all of Baltimore, Md., for plaintiff.

Cornelius Mundy and Wilfred T. McQuaid, Asst. U. S. Attys., both of Baltimore, Md., and Franklin F. Korell, Sp. Atty. for Bureau of Internal Revenue, of Washington, D. C., for defendant.

CHESNUT, District Judge.

This is a suit to recover an alleged overpayment of federal estate tax, under Revenue Act of February 26, 1926, c. 27, § 302, 44 Stat. 70 (26 USC § 1094 [26 USCA § 1094]). The plaintiff is the executor of Horace Abbott Cate, a member of a well-known family in Baltimore, who died June 11, 1926, survived by his wife, Edna Johnson Cate, but leaving no children or descendants and without ever having had issue. He executed a deed of trust dated March 16, 1923, to the Safe Deposit and Trust Company of Baltimore, as Trustee, whereby he transferred in trust securities of a value of over $700,000 for the benefit of persons therein named, reserving to himself, however, income from the property during his life. After his death the Trust Company as executor under his will, as required by law, made a federal estate tax return including, in accordance with the Regulations, the value of the property covered by the deed of trust but asserting that it was not taxable under the federal estate tax law. Nevertheless the Commissioner required the whole value of the property to be included for purposes of the federal estate tax. This was paid and subsequently on June 10, 1930, the Trust Company filed a petition for refund of the tax in the amount of over $15,-000. This petition was denied by the Commissioner of Internal Revenue by letter dated January 26, 1931, on the ground that the property covered by the deed of trust was taxable under section 302 (c) of the act of 1926 (26 USCA § 1094 (c) as a "transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death," because the grantor had in the instrument "reserved to himself during life the entire income of the property transferred." This was after the decision of the Supreme Court in May v. Heiner, 281 U. S. 238, 50 S. Ct. 286, 74 L. Ed. 826, 67 A. L. R. 1244, April 14, 1930; but before the decisions of the Supreme Court in Klein v. United States, 283 U. S. 231, 51 S. Ct. 398, 75 L. Ed. 996, April 13, 1931, and McCormick v. Burnet, 283 U. S. 784, 51 S. Ct. 343, 75 L. Ed. 1413, March 2, 1931, and Burnet v. Northern Trust Co., 283 U. S. 782,

51 S. Ct. 342, 75 L. Ed. 1412, and Morsman v. Burnet, 283 U. S. 783, 51 S. Ct. 343, 75 L. Ed. 1412, decided the same day. The plaintiff then filed this suit on January 23, 1933, with amended declaration filed May 21, 1933, to which the defendant has filed only the general issue pleas. The case recently went to trial before a jury which rendered a verdict for the plaintiff for $15,404.51, with interest thereon in accordance with the applicable special federal statute.

What part of the property covered by the deed of trust was properly taxable depends upon the construction and application of section 302 of the act of 1926 codified as section 1094 of title 26, United States Code (26 USCA § 1094). The provisions thereof applicable to this case are as follows:

"§ 1094. Gross estate; value of. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death;

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death;

\* \* \*

"(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke."

The deed of trust is in the conventional and usual form of such instruments customary in the State of Maryland. It is a formal document executed under the seal of the grantor and acknowledged by him before a notary public. It "doth grant, assign and convey unto the Safe Deposit and Trust Company of Baltimore, its successors and assigns, in trust for the use and trust purposes hereinafter set forth, all the Bonds, Notes, Stock, Certificates of Indebtedness and Debentures and other securities described in the schedule thereof thereto attached."

The Trustee is given full power to manage, sell, invest and re-invest the corpus without restriction or qualification and without the control or necessary assent of the grantor or any other person.

The Trustee is directed to pay the net income to Horace Abbott Cate, "for and during the term of his natural life. From and after the death of the said Horace Abbott Cate, in further trust as follows: (1) In case Edna Johnson Cate, the wife of said Horace Abbott Cate, shall survive him, said trustee shall immediately pay over, transfer and deliver to her one-half of the entire trust property, absolutely and free of all trust, and shall hold the remaining one-half share in trust for the children and descendants of deceased children of said Horace Abbott Cate as follows."

Then follow provisions for the benefit of the children, which are not applicable here as the grantor was not survived by any children. The deed further provided in the latter event, that the Trustee should pay the net income from the remaining half of the corpus of the estate to Edna Johnson Cate for her life, and upon her death upon certain other trusts not material here. The deed further provided as follows:

"The said Horace Abbott Cate reserves the right at all times to add to the trust property in his discretion and to change, alter and vary, by paper or papers in writing lodged with the said Trustee during his lifetime, the provisions of this deed relative to the disposition of the trust property after his death, but shall have no right to exclude his wife from the benefits thereof or to change or alter the life estate herein reserved to himself or have any portion of the property paid over or delivered to him or his estate upon his death, such right being hereby expressly denied."

It was provided that a commission of 5% on the income collected should be paid to the Trustee and a commission of 1% of the principal on distribution, as its compensation.

No change was in fact made in the trust instrument by Horace Abbott Cate prior to his death. The whole of the trust estate was actually physically delivered to and held by the Trustee and the trust has been administered by it in accordance with the trust since the execution of the deed.

The important characteristics of this instrument so far as this case is concerned, are to be noted as follows:

1. The deed was presently effective in law and in fact from the time of its execution and the rights and interests of all the beneficiaries therein mentioned flow directly from the legal force and effect of the instrument.

2. The grantor reserved no right in the corpus of the estate for his own benefit.

3. The grantor retained no right of revo-

cation of the instrument to be exercised either personally or in conjunction with any other person. He did reserve the power during his lifetime to "change, alter and vary * * * the provisions of this deed relative to the disposition of the trust property after his death, but shall have no right to exclude his wife from the benefits thereof or to change or alter the life estate reserved to himself or have any portion of the property paid over or delivered to him or his estate upon his death, such right being herewith expressly denied."

4. The benefits granted to his wife by the terms of the trust deed from which the grantor could not exclude her, by virtue of the provisions of the trust instrument as applied to the facts and contingencies therein provided for, were that from and after the grantor's death she was entitled to receive and did receive one-half of the corpus of the trust property absolutely, and a life interest in the remaining half. It is the value of this interest of the widow in the trust estate, computed as of the time of the death of the grantor, that the plaintiff contended at the trial should not be included in the computation of the decedent's gross estate. It was not contended by the plaintiff that the remaining interest or value thereof in the property was not taxable. The amount of the verdict of the jury was computed on this basis and the exact figures were agreed upon by counsel and submitted to the jury as so agreed upon as to the amount to which the plaintiff was entitled, in the event the jury found a verdict for the plaintiff.

At the trial the defendant contended that the whole value of the property at the time of the grantor's death was taxable, and that the value of the widow's interest therein was not deductible from the value of the whole property. And it was said that the value of the whole property was taxable

1. Because under subsection (c) supra,

(a) The transfer was "in contemplation of * * * death"; and

(b) Was also taxable because the transfer was "intended to take effect in possession or enjoyment at or after his (the grantor's) death"; and

2. Was also taxable under subsection (d) because by the trust instrument "the enjoyment thereof was subject at the date of his (the grantor's) death to any change through the exercise of a power * * * to alter, amend, or revoke."

At the trial the defendant contended that he was entitled to a directed verdict under the uncontradicted testimony and on each and

all of these grounds as a matter of law. The ruling of the court was that, as a matter of law, the property, *to the extent of the widow's interest at the time of the grantor's death,* was not taxable as a transfer "intended to take effect in possession or enjoyment at or after" death, under subsection (c); and was not taxable under subsection (d) by reason of being subject at the date of the grantor's death "to any change through the exercise of a power to alter, amend or revoke."

On the third point as to whether the deed was made "in contemplation of death" by the grantor, the question was left to the jury to find as a fact.

The motion for a new trial is based on the contention that the court erroneously ruled against the defendant on each and all of the propositions of law above outlined, and also that the court in its charge to the jury did not correctly apply the law as to what constitutes the making of a deed of this character "in contemplation of death." While all the points above outlined were clearly made at the trial, the arguments were not elaborated by an extended review of all the authorities. Now on the motion for a new trial both oral argument and extended briefs have been filed by counsel for the respective parties, the principal argument and defendant's brief having been submitted by a special attorney for the Bureau of Internal Revenue who did not participate in the trial of the case. I will discuss further the several points now urged.

1. *Was the deed made in contemplation of death?* The defendant contends that as a matter of law it must be so ruled despite the quite full and largely preponderant testimony submitted by the plaintiff to the contrary. The contention seems to be that if the grantor in making the instrument was motivated to any extent at all by a contemplation of death, then it is immaterial that his dominant or controlling motive may have been entirely different. I am unable to accept this as a sound proposition of law. It seems to me to be contrary to the recent and most authoritative law of the subject as announced by the Supreme Court in United States v. Wells, 283 U. S. 102, 51 S. Ct. 446, 75 L. Ed. 867. The substance of the charge given to the jury on this point was that they should ascertain from the facts what was the grantor's controlling or dominant motive in making the instrument. The only exception taken to the charge was that the defendant "excepts particularly to that part of the Court's instruction which would allow the jury to appraise concurring motives. We feel in explanation of that exception that while I

must say that the charge I think was very fair as an entirety, as to that we feel that if one motive, regardless of whether it was of equal weight with another motive, or a greater or less weight, if one motive was in contemplation of death to make a testamentary disposition, that that suffices. Otherwise we have no exception." .It is, however, now also contended that the jury should have been instructed to find for the defendant if they found there were two concurring motives, each of *equal* force, one being contemplation of death. But no instruction to that effect was requested, and the nature of the evidence did not suggest it as a practical issue in the particular case. So far as I recall there was no testimony (other than possible inferences from the papers themselves) whatever that there was any actual thought on the part of the grantor or his advisors of evasion of the federal estate tax in making the deed. I see no reason for disturbing the jury's verdict on the issue of fact submitted to them.

█ It is, however, contended by present counsel in the case that even if the plaintiff was entitled to some verdict, the amount was practically double the proper amount. The basis for this contention seems to be that the value of the widow's interest in the trust estate, if it is to be deducted from the value of the whole property at all, must be ascertained as of the date of the making of the deed and not as of the time of the death of the decedent. No authority is cited in support of this proposition and so far as I know it is not in accordance with the practice in such matters and would seem to be precluded by the wording of the law itself which provides that "the value of the gross estate of the decedent shall be determined by including the value *at the time of his death* of all property," etc. As heretofore observed, the figures were agreed upon by counsel for the parties at the trial and there was no question of any kind with regard to the amount of the verdict submitted to the court for determination. The principle was stated but the figures leading to the amount agreed upon were not submitted or considered. They are, however, deducible as I recall it from the testimony submitted, and are outlined in the declaration. Although the amount was specifically and expressly agreed upon by trial counsel, I would nevertheless be strongly disposed to grant a new trial if I were satisfied that an inadvertent mistake had been made. But the contention now made in this respect seems to me to be untenable.

█ 2. Was the deed taxable because *"intended to take effect in possession or enjoyment at or after death"*? This presents a more substantial and difficult question. While raised and discussed to some extent at the trial it has now been more elaborately and comprehensively argued in briefs of counsel on both sides which have enabled me to consider the law points more maturely.

The plaintiff says the property is not taxable on the authority of May v. Heiner, 281 U. S. 238, 50 S. Ct. 286, 287, 74 L. Ed. 826, 67 A. L. R. 1244, and the later decisions of the Supreme Court which have followed and applied it. The defendant contends that the case is ruled by Klein v. United States, 283 U. S. 231, 51 S. Ct. 398, 399, 75 L. Ed. 996, and the cases which have followed it. The argument has developed a sharp difference between counsel as to the proper distinction between the two cases. Both cases were decided under the Revenue Act of 1918 (40 Stat. 1057) which has the same wording as subsection (c) in the 1926 act, so far as applicable here. In both cases the question was whether property covered by the conveyance made by the decedent prior to his death was taxable because "intended to take effect in possession or enjoyment at or after his death." In May v. Heiner (as in the present case) the conveyance was a *deed of trust*, by a wife to trustees with directions to pay the net income to her husband during his lifetime, and after his decease, to the settlor during her lifetime, and after her decease, distribute the corpus among her four children, their distributees and appointees. The transfer was held not taxable. . The most significant portion of the opinion was as follows:

"The transfer of October 1, 1917, was not made in contemplation of death within the legal significance of those words. It was not testamentary in character and was beyond recall by the decedent. At the death of Mrs. May (the settlor) no interest in the property held under the trust deed passed from her to the living; title thereto had been definitely fixed by the trust deed. The interest therein which she possessed immediately prior to her death was obliterated by that event."

It did not appear from the record whether the wife survived the husband or not; but that was regarded of no importance. The conveyance was treated in substantial effect, so far as the particular question was concerned, as if there had been a reservation of a life estate only in the settlor.

In the Klein Case, a husband made a deed of property directly to his wife, first to hold for her natural life only if she predeceased the grantor, and, second, if the wife survived

the grantor, then she was to take an estate in fee simple. The significant portion of the opinion is as follows:

"The two clauses of the deed are quite distinct—the first conveys a life estate; the second deals with the remainder. The life estate is granted with an express reservation of the fee, which is to 'remain vested in said grantor' in the event that the grantee 'shall die prior to the decease of said grantor.' By the second clause the grantee takes the fee in the event—'and in that case only'—that she shall survive the grantor. It follows that only a life estate immediately was vested. The remainder was retained by the grantor; and whether that ever would become vested in the grantee depended upon the condition precedent that the death of the grantor happen before that of the grantee. The grant of the remainder, therefore, was contingent."

The property was held taxable. The court was unanimous in both cases. The latter case does not refer to nor distinguish the former. Clearly the court must have regarded the factual situation in the two cases as markedly distinct. What is this distinct difference between the two cases? There are formal differences which may be considered only superficial. The structure of the conveyances was different in the two cases, being a deed of trust in one, and a simple direct deed in the other. While no power of revocation was included in either, it is obvious that in the latter, being a transaction purely between husband and wife and no provision being made for interest of children or others, either contingent or vested, the husband and wife by their joint action could readily have changed the effect of the conveyance. In probable economic significance the effect of the transaction was not greatly different from the creation of a tenancy by the entireties which, under another section of the act, as applied in Tyler v. United States, 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758 (cited in the Klein Case), would have made the property taxable. But the decision in the Klein Case was certainly not based on these considerations but must be found in the difference in legal effect of the two conveyances. And the difference is, I think, brought out clearly from the extracts from the respective opinions above quoted. The substantial difference is this. In May v. Heiner the grantor reserved a possible life estate in the property but *no interest in the corpus*. In the Klein Case the grantor *reserved* a possible or contingent interest *in the fee*. And this is the point that is definitely emphasized in the opinion.

The significance of this difference is clearly appreciated when we bear in mind some underlying considerations as to the nature of the particular tax, which are doubtless implicit in both opinions but were unnecessary to be expressly stated by reason of previously well settled law. Thus it is most important to bear in mind the legal distinctions between (a) a gift tax, (b) an estate or transfer tax, and (c) a succession tax. The particular tax is of course a transfer tax and not a gift or succession tax. In Young Men's Christian Ass'n v. Davis, 264 U. S. 47, 50, 44 S. Ct. 291, 292, 68 L. Ed. 558, the court had said:

"It was not a tax upon succession and receipt of benefits under the law or the will. It was death duties, as distinguished from a legacy or succession tax. What this law taxes is not the interest to which the legatees and devisees succeeded on death, but the interest which ceased by reason of the death. Knowlton v. Moore, 178 U. S. 41, 48, 49, 20 S. Ct. 747, 44 L. Ed. 969.

"Congress was thus looking at the subject from the standpoint of the testator and not from the immediate point of view of the beneficiaries."

In Heiner v. Donnan, 285 U. S. 312, 330, 52 S. Ct. 358, 362, 76 L. Ed. 772, it was said:

"The event upon which the tax is made to depend is not the transfer of the gift, but the transfer of the estate of the decedent. The tax falls upon the estate and not upon the gift, and is computed not upon the value of the gift, but, by progressively graduated percentages, upon the value of the entire estate."

And also (quoting from United States v. Wells, 283 U. S. 102, 51 S. Ct. 446, 75 L. Ed. 867):

"It follows that the statute does not embrace gifts inter vivos which spring from a different motive. Such transfers were made the subject of a distinct gift tax, since repealed."

In some of the early cases under the Act the view seems to have been taken that even a completed gift inter vivos where the right to actual possession and enjoyment was necessarily postponed until after the donor's death was nevertheless taxable, but this was held wrong in Shukert v. Allen, 273 U. S. 545, 47 S. Ct. 461, 71 L. Ed. 764, 49 A. L. R. 855. In that case the gift inter vivos although in fact coming into possession and enjoyment after the donor's death, was not specifically conditioned thereon. But in Reinecke v. Trust Co., 278 U. S. 339, 347, 49 S.

Ct. 123, 125, 73 L. Ed. 410, 66 A. L. R. 397, the court dealt with the latter situation and said:

"One may freely give his property to another by absolute gift without subjecting himself or his estate to a tax, but we are asked to say that this statute means that he may not make a gift inter vivos, equally absolute and complete, without subjecting it to a tax if the gift takes the form of a life estate in one with remainder over to another at or after the donor's death. It would require plain and compelling language to justify so incongruous a result and we think it is wanting in the present statute."

And it was contended that a contrary view would at least raise a serious question of constitutionality. See, also, Coolidge v. Long, 282 U. S. 582, 597, 51 S. Ct. 306, 75 L. Ed. 562. These cases clearly settled the law to be that a completed gift, whether by trust or otherwise, before death (and not in fact made in contemplation of death) was not taxable merely because the event which fixed the right to enjoyment was postponed until (and specifically conditioned on) the death of the donor. In these cases the donor had not reserved a personal interest in the gift in the way of life estate or otherwise, but it was held in the Reinecke Case that where the donor reserved the power to revoke, that was equivalent to reserving a benefit to the donor which rendered the gift incomplete during his lifetime and therefore made the transfer taxable. In May v. Heiner, where there was no power to revoke, the grantor reserved in effect a life estate with remainder over at his death, but it was held this reservation did not make an otherwise completed gift taxable. But in the Klein Case where a life estate was given but the fee reserved to the grantor on the contingency of the prior death of the donee, the transfer was taxable. The effect of all these cases seems quite clearly to be that where the donor reserves no interest, either vested or contingent, in the corpus, and the gift is otherwise complete the transfer is not taxable. (Note 1.)

Applying the law as thus deduced from the decisions to the particular deed of trust here involved we find that it falls under May v. Heiner and not under Klein v. United States; because the grantor reserved no interest for himself in the corpus other than a life estate in the net income. But defendant's counsel contends there is a further distinction to be noted in the present case in that the interest of the widow did not become absolutely vested at the time of the execution of the deed but only upon the death of the decedent and it is said this is the determinative circumstance which makes the transfer taxable. I do not think the view is sound. The fallacy to me seems to lie in looking at the matter from the standpoint of what the *particular beneficiary received,* rather than properly from the standpoint of what the *donor retained.* The distinction contended for would doubtless have force and might be conclusive if we were dealing with a succession tax and not a transfer tax. It is clear, I think, from the authorities above reviewed that the matter must be approached from the standpoint of what interest in the corpus, if any, the donor retained and not what interest the beneficiary immediately took. The ultimate question is whether there was a completed gift *inter vivos* when the deed of trust was executed and delivered to the trustee. It is further clear that the donor reserved a life estate and no more (so far as we are concerned on this particular branch of the case). It is true that it was legally uncertain until his death which particular beneficiaries were actually coming into possession and enjoyment of the property and in what shares but this did not prevent the gift of the corpus being absolute so far as the donor was concerned. As to him it was complete. This was well expressed in an early case by Judge Rose when District Judge in this Court, in Curley v. Tait, 276 F. 840, 842, where it was said:

"If all beneficial ownership and possession irrevocably passes from the transferror at the time of the transfer, it would seem to be immaterial whether it goes to one person or to several, and, if to several, whether their enjoyment is to be simultaneous or successive, and, if the latter, at what time or upon the happening of what event the rights of one give place to those of another."

It is said by the defendant that the element of contingency affecting the rights of the beneficiary as controlling the taxability is emphasized in the Klein Case and in others which have followed it. It is true that the opinion does expressly refer to the fact that

Note 1: This distinction between May v. Heiner and Klein v. United States is quite clearly brought out in an article in the Columbia Law Review, vol. 32 (1932) p. 1335, by Messrs. Surrey & Aronson. See also Univ. of Penna. Law Review, vol. 81 (1932–33), p. 937, article by Phillip M. Payne, and particularly at pages 941, 942–946, and 958–960; Virginia Law Review, vol. 19 (1932–33) pp. 761, 772, by James F. Ryan. Compare Federal Tax Hand Book, Montgomery 1933–34, p. 860.

"the remainder was retained by the grantor; and whether that would ever become vested in the grantee depended upon the condition precedent that the death of the grantor happened *before* that of the grantee. The grant in the remainder therefore was contingent." But the reading of the whole case shows that it was one and the same contingency which applied both to the interest of the grantor as to what was retained, and to that of the grantee, as to what was given. And it seems clear to me on reading the opinion that it was the contingent reservation to the grantor and not the contingent reception by the grantee that was the determinative factor in the situation.

Furthermore it is pointed out by plaintiff's counsel that the contingent nature of the beneficiaries' interest could not have been the controlling circumstance in the Klein Case because on the same day it was argued in the Supreme Court (February 27, 1931) three other cases were also presented to the court involving the same general subject matter, and in which the interests of the beneficiaries under the respective deeds of trust were contingent in fact or in law, and each of them was decided in favor of the taxpayer by a memorandum opinion on the authority of May v. Heiner. These cases are reported as follows: McCormick v. Burnet, 283 U. S. 784, 51 S. Ct. 343, 75 L. Ed. 1413; Id. (C. C. A.) 43 F.(2d) 277; Id., 13 B. T. A. 423; Burnet v. Northern Trust Co., 283 U. S. 782, 51 S. Ct. 342, 75 L. Ed. 1412; Id. (C. C. A.) 41 F.(2d) 732; Id., 9 B. T. A. 96; Morsman v. Burnet, 283 U. S. 783, 51 S. Ct. 343, 75 L. Ed. 1412; Id. (C. C. A.) 44 F.(2d) 902. And a week later, on March 9, 1931, the Government's application for certiorari in two cases of a similar nature, McCaughn v. Carnill, 283 U. S. 825, 51 S. Ct. 350, 75 L. Ed. 1439, and Burnet v. Hodgkins, 283 U. S. 825, 51 S. Ct. 350, 75 L. Ed. 1439, which had been decided below in favor of the taxpayer, were denied (Note 2.) It would unduly prolong this opinion to review the terms and provisions of the trust instruments or transfers involved in all these cases but those in McCormick v. Burnet should be specially noted. In that case, as appears from the opinion in the Circuit Court of Appeals, the deed of trust of securities was there similar in structure and effect to that involved in the present case. The settlor directed that the net income should be accumulated except as to a certain amount, to be paid over to her during her lifetime, or otherwise disbursed as directed by her, and from and after her death the net income was to be paid over and distributed to three named children so long as they lived, and after their respective deaths, in accordance with their last wills and testaments, and in default thereof to their surviving issue, etc. The trust was to terminate upon the death of the last survivor of the children and might be terminated sooner by written authority of the settlor jointly with one or more of the children, or after her death, by a majority of the beneficiaries. And if the trust was terminated during the lifetime of the settlor, then the corpus was to be paid over to her. The Board of Tax Appeals held the transfer not taxable, but the Circuit Court of Appeals for the Seventh Circuit reversed, distinguishing the case from May v. Heiner (then recently decided) on the ground that, as a fact found by the court from the instrument, it was intended to take effect in possession and enjoyment after the death of the settlor, and particular emphasis was placed on the consideration that the interests of the beneficiaries were conditional or contingent and not vested and that the settlor's death was the "generating source" of the benefits actually received by them. The Supreme Court, however, reversed on the authority of May v. Heiner. It will be noted that while the settlor reserved a contingent interest in the corpus it was a very remote one, and it has been suggested that it was so remote as to be really unsubstantial in the highly practical field of taxation, and on that ground distinguishable from the Klein Case which, when decided a few weeks later, did not refer to the McCormick Case. And this thought is

---

Note 2: Shortly afterwards (March 3, 1931 [46 Stat. 1516]) Congress amended subsection (c) in order to expressly make taxable transfers by a trust where the life estate is reserved by the grantor, so that as finally amended, including the Act of June 6, 1932, c. 209, § 803(a), 47 Stat. 279 (26 USCA § 1094(c), the following provision was added: "or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom." Of course the amendment is not applicable to this case. It is also said by plaintiff's counsel that the record in May v. Heiner shows that the *remainder* there was technically vested, but subject to be divested.

perhaps emphasized by the case of Helvering v. Duke, 290 U. S. 591, 54 S. Ct. 95, 78 L. Ed. 521, where a decision by the Circuit Court of Appeals for the Third Circuit (62 F.(2d) 1057—affirming decision of the Board of Tax Appeals, 23 B. T. A. 1103, in favor of the taxpayer) was affirmed without opinion by an equally divided court. The case is reported more fully in the opinion of the Board than on appeal. The trust instrument there was made for the benefit of the grantor's daughter and her children or descendants but provided that in the event of the death of the daughter during the life of the settlor the property should revert to him. The Board rested its decision of non-taxability on the authority of May v. Heiner, and McCormick v. Burnet. It was said:

"It is true the instruments provided that the property should revert to the decedent if the beneficiary predeceased him, but this was a mere possibility which did not in fact occur. Such possibility of reversion did not prevent the gift from being complete. * * * We can not overlook the plain fact that the decedent did not own the property or any economic benefits therein when he died or the fact that no economic interests or benefits therein passed at his death. * * * Nothing moved from him on his death in so far as the property here involved is concerned. It is unimportant that under certain circumstances other or different beneficiaries might eventually, pursuant to the trust instrument, receive the corpus."

Although the Klein Case had recently previously been decided it was not referred to in the Board's opinion nor in that of the Circuit Court of Appeals. (Note 3.)

In Burnet v. Pacific Southwest Trust & Sav. Bank, 45 F.(2d) 773, 777, certiorari denied 283 U. S. 825, 51 S. Ct. 350, 75 L. Ed. 1439, the Circuit Court of Appeals for the Ninth Circuit rejected the Commissioner's contention that the contingent nature of the beneficiary's interest made the whole property transferred taxable, citing May v. Heiner.

My attention has not been called to any case subsequent to May v. Heiner and Klein v. United States, where the transfer has been held taxable when the grantor had reserved no interest in the corpus.

In Sargent v. White, 50 F.(2d) 410, 419 (C. C. A. 1) and Union Trust Co. v. United States (Ct. Cl.) 54 F.(2d) 152, it clearly appears the grantor had reserved at least a contingent interest in the corpus. And in Hoblitzelle v. United States (Ct. Cl.) 3 F. Supp. 331, and Union Guardian Trust Co. v. Commissioner, 26 B. T. A. 1321 (affirmed on appeal by the Court of Appeals of the District of Columbia, Dort v. Helvering, Commissioner of Internal Revenue (App. D. C.) 69 F. (2d) 836), the taxability of the transfer was based on subsection (d) of the act which we are not now considering.

A study of the cases above cited leads to the conclusion that, where the donor parts with all personal interest in the property, except a life estate, and the transfer is not in fact made in contemplation of death, it is not rendered taxable under subsection (c) by reason of the nature or quality of the estate taken by the named beneficiaries, whether vested or contingent, subject to be divested, or contingent in law or in fact. Taxing statutes do not concern themselves with the niceties of conveyancing law. Klein v. United States, 283 U. S. 231, 234, 51 S. Ct. 398, 75 L. Ed. 996. Where the donor has reserved nothing for himself or his estate after his death, there is nothing to be transferred by his death that is taxable under this section of the act. Reinecke v. Trust Co., 278 U. S. 339, 348, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397.

3. *Was the transfer taxable under subsection (d) by reason of the partial power to "alter, amend or revoke"?* As we have seen, the grantor reserved the power "to change, alter and vary * * * the provisions of this deed relative to the dispositions of the trust property after his death, but shall have no right to exclude his wife from the benefits thereof or to change or alter the life estate hereinafter reserved by him to himself or to

---

Note 3: In a note on this case of Helvering v. Duke in 33 Columbia Law Review, p. 1455, in comparing the case with the Klein, McCormick, and May v. Heiner Cases, it is suggested that the distinction between the Duke Case and the Klein Case may possibly be said to lie in the fact that in the Klein Case the fee reserved to the grantor was technically vested in him subject to be divested on the contingency of his death before the grantee, while in the Duke Case the reservation by the grantor in the corpus of the trust estate in his favor was purely contingent on the daughter pre-deceasing him, and it was said: "The wide split of the court in this instant case suggests the possibility that, should a similar set of facts come before the full bench, property learning will give way to a rule based on the substantiality of the interest retained an alternative suggested by Surrey and Aronson, Inter Vivos Transfers and Federal Estate Tax (1932) 32 Columbia Law Review, 1332 at 1335."

have any portion of the principal paid over or delivered to him or his estate upon his death, such right being hereby expressly denied." The important question here is to determine the proper effect of the phrase "shall have no right to exclude his wife from the benefits hereof." The benefits given to the wife were first, upon the death of the grantor one-half of the corpus absolutely if she then survived, and (2) a life estate in the other half if there were no children. It is not suggested that the reserved power to "change, alter and vary" included any right to change the conditions or contingencies on which the wife's interests were based. In my opinion the fair import of the provision is that the grantor did not reserve the power to *diminish* the interest given to the wife. Of course, if she did not survive the grantor or if she did survive and any child or children also survived, her rights would be limited or obliterated by the respective contingencies, but this would have resulted by virtue of the provisions of the deed itself and not by virtue of any reserved power to change or vary them. To the extent, therefore, of the wife's right as fixed by the terms of the instrument, it is clear they could not be diminished by exercise of the reserved power to change, alter and vary. The necessary effect is to *withdraw* the value of her interest in the property as determined by the events prescribed in the deed from the operation of the reserved power; or, in other words, *to the extent of the widow's interest* (as fixed by the terms of the deed, and dependent on the event therein prescribed, and not changeable by the grantor) there was *no power reserved* to change or alter or vary.

The language of subsection (d) makes the property of the decedent taxable "to the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, *where the enjoyment thereof was subject at the date* of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke." The value of the widow's interest is not within the scope of the wording italicized. *At the time of the decedent's death* the widow was surviving and by the terms of the deed the enjoyment of her interest was then fixed and not subject to be diminished by any act of the donor. Nor did his death, of itself, terminate any existing power during his lifetime over his wife's interest given by the deed, as that depended on *her life* surviving his. The power reserved by him, as to her inter-

est, was contingent only, not absolute, and the contingency did not happen.

It is contended for the defendant that the contingent power to vary makes the whole property, including the widow's interest, taxable under subsection (c) as well as under subsection (d). But the respective subsections are distinct in scope. Porter v. Commissioner, 288 U. S. 436, 53 S. Ct. 451, 77 L. Ed. 880. The contention seems to involve a confusion of the effect of the contingent power to vary (under subsection (d) with the effect of a power to revoke (under subsection (c). Irrespective of subsection (d) the existence of an unlimited power to revoke prevented the transfer inter vivos from being complete (Burnet v. Guggenheim, 288 U. S. 280, 53 S. Ct. 369, 77 L. Ed. 748; Reinecke v. Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397), and thus left death as the effective cause of the transfer, or the "generating source" of the economic benefit under subsection (c); but a mere power to vary (without personal benefit to the grantor or his estate) would not have this effect under *that* subsection. Reinecke v. Trust Company, supra, at page 344 of 278 U. S., 49 S. Ct. 123, 124. There is, therefore, no room here for the argument that the transfer is taxable under subsection (c) because the deed did not reserve the power to vary for the benefit of either the grantor or his estate as to any of the property and did not reserve the right to exclude the widow's interest which was equivalent to restricting the exercise of the power to change in the beneficial interests given to others than her.

There is no question here as to the taxability of that portion of the property as to which the power to change existed, even though the power as to this remaining interest could not be exercised in favor of the grantor or his estate. Porter v. Commissioner, 288 U. S. 436, 53 S. Ct. 451, 77 L. Ed. 880. The tax thereon has been paid and is not affected by the jury's verdict in this case.

The taxability of the widow's interest under this deed has been considered above under the two sections separately and respectively. But I think the result is not different when the matter is considered apart from the literal wording of the two subsections and in the light of the general spirit of the estate tax law as a whole. The dominant purpose of the law is to impose an excise tax on the value of the property transferred from a decedent by his death, but to prevent evasions of the law it is extended to cover transfers made in his lifetime which are in substance

testamentary dispositions which, for certainty, are specifically included in the several subsections of section 1094 of title 26, USC (26 USCA § 1094). It is a common characteristic of these several specially enumerated classes of property which are included as taxable that, with respect to the property covered, the decedent has placed himself in such relation to the property that in effect his will is dominant with respect to its ultimate disposition and when his will is not exercised during his lifetime but is terminated by his death the result is that the latter becomes the "generating source" of economic benefits which flow to others from his death. But it is recognized that the tax cannot properly be imposed on property which the decedent has absolutely parted with by a completed gift inter vivos during his lifetime and not made in contemplation of death, even though he reserves a life estate for himself therein, where he has not reserved the power to direct its devolution upon his death. The interest given to the decedent's widow in this case by the deed of trust was of this nature. The fact that her actual enjoyment was contingent and not vested until the donor's death is a legally immaterial circumstance under this taxing law, as his death merely marked the event which, by the unchangeable provision of the deed, fixed her right to actual enjoyment. The deed was more than a substitute for testamentary disposition. Indeed some of the testimony in the case on behalf of the plaintiff tended to show that one of the motives actuating the grantor in making the deed was to put the control of his property in the hands of a competent trustee so that the corpus would be securely invested and presumably remain intact and secure from contingencies of loss or subjection to debts or misfortunes of personal management and thus surely inure to the benefit of his wife to the extent given to her in the event that she survived him. A will with the same provision would not have insured the same results as it would have been subject to change or revocation and the property would have been subject to the hazards of possible personal indebtedness. To accomplish the result that he desired in the interest of his wife he voluntarily surrendered all personal interest in the corpus of his estate during his lifetime reserving only the income and reserving no right to diminish his wife's interest after his death in the event that she survived him. The transfer therefore was in its nature not one in which the grantor continued to be dominant with respect to the interests in the property which he had surrendered and the transaction is not, either in letter or in spirit,

within the purview of that taxing act. Certainly it is not clearly within the Act and if the question were doubtful, on familiar principles in applying taxing acts, the doubt should not be reserved against the taxpayer. Reinecke v. Trust Co., 278 U. S. 339, 348, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397.

For these reasons I am of the opinion that the motion for a new trial should be overruled and have signed an order to that effect.